IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN MICHAEL BOGAN,<br><br>                      Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,<br><br>                      Respondent. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br>Case No. 2:17-CV-836-RJS<br><br>Chief District Judge Robert J. Shelby |

## BACKGROUND

- March 16, 2016      Petitioner charged with assault. (Doc. No. 7, at 3.)

- July 22, 2016      Petitioner found incompetent for trial and ordered committed. (*Id*.)

- October 30, 2017      State court found Petitioner met requirements of Utah's civil commitment statute. (*Id*.)

- October 31, 2017      Charge dropped after determination that Petitioner's competency would likely not be restored. (*Id*.)

- December 5, 2017      Petitioner transferred out of Utah State Hospital custody and moved to Southwest Behavioral Health custody. (*Id*. at 4.)

- July 25, 2017      Petitioner submitted federal habeas-corpus petition. (Doc. No. 1.)

- May 29, 2018      Respondent was ordered to answer the petition and file a proposed order. (Doc. No. 6.) The Order stated, "Within thirty days after the answer and proposed order are filed by Respondent(s), Petitioner *must* file any objections." (*Id*. (emphasis added).)

- October 3, 2018      Petitioner was ordered to within thirty days show cause why this action should not be dismissed for failure to respond to the answer. (Doc. No. 8.)

Petitioner has not contacted the Court since he submitted his petition more than twenty months ago.

**ANALYSIS**

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the [petitioner] fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a [petitioner's] failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the period of limitation has expired on dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Thus, the Court must determine if the period of limitation would have expired on Petitioner's claims if he were to refile them after dismissal here.

Federal statute imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2244(d) (2018). The period generally runs from "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review." *Id.* That occurred here on November 30, 2017, thirty days after the commitment order. During those thirty days, Petitioner could have appealed--but did not appeal--to the Utah appellate courts. *See* Utah R. App. P. 4(a) ("The notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from.").

Therefore, Petitioner would have had until November 29, 2018 to file his federal petition, excepting any possible applicable tolling. And he did file within the period of limitation--on July 25, 2017. The issue here is that, if the Court dismisses this petition now, a new attempt to file the petition would be untimely, which means that a dismissal here would be effectively with prejudice.[1]

When the dismissal likely operates as a dismissal with prejudice, this Court applies the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) (applying *Ehrenhaus* factors in habeas case). A dismissal with prejudice is appropriate only when these factors overshadow the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors

---

[1] This is because a "federal habeas petition does not toll the limitation period." *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding 28 U.S.C. § 2244(d)(2) may not be interpreted to allow federal habeas petitions to toll limitation period). Thus, this federal habeas petition has not tolled the limitation period's running. Still, the Court states no opinion on whether other tolling could apply should Petitioner re-file his petition in a new federal case.

are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the factors here as follows:

**Factor 1: Degree of actual prejudice to Respondent**. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing the docket here, the Court concludes that Petitioner's neglect prejudices Respondent. Starting more than ten months ago--on May 29, 2018--when Respondent was ordered to answer, he has defended this lawsuit in good faith. He has adhered to the Court's

4

order, (Doc. No. 6), to file an answer, (Doc. No. 7). The answer thoroughly recites the facts and law, analyzes the issues, and provides eight relevant exhibits in support. (*Id*.) This took Respondent considerable time and resources--and for naught as Petitioner has been unresponsive. Respondent has wasted nearly ten months of litigation since he was first ordered to answer. To let the case proceed when Petitioner has not met his duties might make Respondent spend more unnecessary time and money to defend a case that Petitioner seems to have no interest in pursuing. This factor weighs toward dismissal. *See Kalkhorst v. Medtronic, Inc*., No. 18-cv-580-KLM, 2018 U.S. Dist. LEXIS 215598, at *8 (D. Colo. Dec. 19, 2018); *see also Tolefree v. Amerigroup Kan., Inc*., No. 18-2032-CM-TJJ, 2018 U.S. Dist. LEXIS 195448, at *5 (D. Kan. Nov. 15, 2018) ("Defendants have had plaintiff's allegations pending in an open court case for nearly ten months, with no end in sight. Plaintiff, on the other hand, has shown little interest in pursuing her claims or following court orders."); *Oliver v. Wiley*, No. 09-cv-441-PAB, 2010 U.S. Dist. LEXIS 92836, at *5 (D. Colo. Aug. 18, 2010) ("Applicant's failure to provide the Court with a current address . . . and failure to keep abreast of his case has prejudiced Respondent, who was forced to answer an Application that Applicant appears to have no intention of pursuing. While arguably this prejudice is not ongoing, this factor weighs slightly in favor of dismissal.").

**Factor 2: Amount of interference with judicial process**. In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he did not answer a show-cause order or join a telephone conference. *Jones*, 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *Id*. The court said, "In similar circumstances, we have held that a district

court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id.* (citation omitted).

Meanwhile, in *Villecco*, the Tenth Circuit concluded that the plaintiff had "caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." *Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017); *see also Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (unpublished) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement."); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"); *Killen v. Reed & Carnick*, No. 95-4196, 1997 U.S. App. LEXIS 430, at *4 (10th Cir. Jan. 9, 1997) (unpublished) ("Plaintiff's willful failure to comply with [court] orders flouted the court's authority and interfered with the judicial process." (Internal quotation marks & citation omitted.)). "[F]ailure to respond to court orders cannot be ignored." *Davis*, 571 F.3d at 1062.

Likewise here, this Court concludes that Petitioner's failure to prosecute his case--i.e., failure to comply with Court orders--necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003); *Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6 (holding

petitioner's failure to comply with rules and order to show cause shows lack of respect for court, respondent, and judicial process, and concluding, if petitioner's case were not dismissed, court's merits review of petition would unnecessarily increase court's workload and interfere with justice administration). Petitioner's failure to put himself in a position to comply with court orders disrespects the Court and the judicial process. His neglect has caused the Court and staff to spend unnecessary time and effort. The Court's frequent review of the docket and preparation of orders to move this case along have increased the workload of the Court and hijacked its attention from other matters with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor also weighs toward dismissal. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (Emphasis in original.)).

**Factor 3: Litigant's culpability**. Evidence of culpability may be drawn from Petitioner's failure to provide an updated address (if one exists) and to respond to Respondent's Motion to Dismiss. *See Villecco,* 707 F. App'x at 534 (10th Cir. 2017); *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been solely responsible for his failure to update his address, to respond to the show-cause order"); *Stanko v. Davis*, 335 F. App'x 744, 747

(10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding plaintiff responsible for inability to receive court filings based on not notifying court of correct address).

Earlier here, Petitioner showed ability to file a petition on his own and respond to Court orders. (Doc. Nos. 1, 3 & 5.) However, Petitioner has not responded to the order to show cause or notified the Court whether he has changed his address. *See Banks*, 680 F. App'x at 724; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at \*6-7 ("Applicant has, without any reasonable excuse, ignored [his duty to tell the Court of any address change]. Applicant has also failed to show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding *pro se*, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. Therefore, the Court concludes that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case." (Citation omitted.)).

This factor weighs in favor of dismissal.

**Factor 4: Whether court warned noncomplying litigant that dismissal was likely sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at \*7. On appeal, when the plaintiff argued he did not get these warnings, the Tenth Circuit stated, "But he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted

8

effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (supporting dismissal with prejudice for failure to appear especially after litigant had been warned repeatedly of consequences).

Here, the Court stated in its May 29, 2018 order, "Within thirty days after the answer and proposed order are filed by Respondent(s), Petitioner *must* file any objections." (Doc. No. 6 (emphasis added).) And, in its October 3, 2018 Order to Show Cause, the Court warned that without a response within thirty days Petitioner's case would be dismissed. (Doc. No. 8.) There can be no mistaking the Court's intentions.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7-8. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Another case upheld dismissal when, "given [plaintiff's] failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. The court noted, "A lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id.* at 535; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another appeal, the Tenth Circuit stated that, though "dismissal should be imposed only after careful exercise of judicial discretion," it

9

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (Citation omitted.)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles here, the Court concludes that no sanction less than dismissal would be effective. First, though Petitioner is *pro se*, he is not excused of his neglect here. *See*

*Green,* 969 F.2d at 917. Second, Petitioner has neglected this case long enough that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because there is no way for the Court to even know whether Petitioner is receiving its orders. "It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *7-8 ("[B]ased upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective.").

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Petitioner's lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the petition is DISMISSED without prejudice. This action is CLOSED.

Dated this 5th day of April, 2019

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court